IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MUHAMID THORNTON | ) | |
| | ) | |
| Plaintiff, | ) | 02: 09-cv-0246 |
| v. | ) | |
| | ) | |
| PAUL ABLE, individually and in his capacity as an officer for the City of Pittsburgh Police Department; LORI DOBROSIELSKI, individually and in her capacity as an officer for the Allegheny County Sheriffs Office; CITY OF PITTSBURGH; ALLEGHENY COUNTY; ALLEGHENY COUNTY SHERIFFS DEPARTMENT; CITY OF PITTSBURGH POLICE CHIEF NATE HARPER; CITY OF PITTSBURGH POLICE DEPARTMENT; RENEE RACSUTA, Individually and in her capacity as City of Pittsburgh Police Lieutenant, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER OF COURT

On October 14, 2009, the Court issued an ORDER TO SHOW CAUSE as to why the amended complaint should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) as to Defendants Lori Dobrosielski, City of Pittsburgh, Allegheny County Sheriffs Department, City of Pittsburgh Police Chief Nate Harper, City of Pittsburgh Police Department, and Renee Racsuta.

1

On October 27, 2009, Plaintiff, pro se, filed his Response to the Order to Show Cause in which he contends that the "clerk for the court failed to docket into the record the individual request for Marshals service of the Amended Complaint and summons, upon the above named defendants."

In order for "officers of the court" to "issue and serve all process" upon a defendant(s), certain forms must first be completed by the plaintiff and returned to the Clerk of Courts. *See* 28 U.S.C. § 1915(d). These forms include a Notice of Lawsuit and Request for Waiver of Service of Summons (Form AO 389-Form 1A), a Waiver of Service of Summons (Form AO 399 - Form 1B), Summons (Form AO 440), and Process Receipt and Return (Form USM-285). *See* Federal Rule of Civil Procedure 4.

Upon investigation, the Court has determined that Plaintiff never provided the Court or Clerk of Courts with the completed forms so that arrangements could be made for service on any of the named defendants. It appears from Plaintiff's initial filings that he had received certain pre-printed forms from the United States District Court, Northern Ohio. *See* Document No. 1-3.

On March 2, 2009, the Court granted Plaintiff's Motion for Leave to Proceed In Forma Pauperis. On that same day, in accordance with Rule 4(b), the Clerk's office "signed, sealed and issued" Summons for each Defendant to be served and mailed same back to Plaintiff. The Summons had previously been provided to the Clerk's office by Plaintiff; however, Plaintiff never provided the Clerk's office with any of the other necessary forms needed for service.

Further, Plaintiff never indicated or requested that the Clerk of Courts make the necessary arrangements for service on any defendant. If Plaintiff had desired for "officers of the court" to serve the defendants, it was necessary that Plaintiff complete the above referenced forms for <u>each</u>

defendant he wished served and then provide a completed packet to the Clerk's office. Significantly, Plaintiff never provided the Clerk of Courts with all the necessary and completed forms for service.

However, on May 18, 2009, Plaintiff filed a Motion for Service by U.S. Marshal in which he stated that he had "attempted to serve the Defendant Paul Able, with the complaint by personal service as well as by Certified Mail, but service has been evaded/ and or refused." In the Motion, Plaintiff made no mention of the other named Defendants, and significantly, did not request that service be made upon these parties by the U.S. Marshal. In response to the motion, the Court sent Plaintiff a USM-285 Form and a Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons), and instructed Plaintiff to complete the forms for Defendant Able. The Court advised Plaintiff that service would not be made on Defendant Able until the properly completed USM-285 and Form 1A forms had been returned to the Clerk of Court.

Plaintiff completed the packet as to Defendant Able only and the Court forwarded same to the U.S. Marshal for service in accordance with Rule 4(c)(3) of the Federal Rules of Civil Procedure.

On July 20, 2009, the U.S. Marshal filed a Notice of Inability to Effectuate Service on Defendant Able via United States Postal Service. The following day, July 21, 2009, the Court issued an Order in which it directed that the Clerk of Court prepare duplicate Summons and Amended Complaint for Defendant Able and ordered that the U.S. Marshal make personal service of those documents upon the named Defendant. On that same day, a copy of the Summons and Amended Complaint was hand delivered to the U.S. Marshal for personal service upon Defendant Able.

In accordance with Rule 4, the U.S. Marshal has 120 days in which to effectuate service on Defendant Able.  To date, no return of service has been filed.

The Court takes judicial notice that Plaintiff Thornton has called Chambers on numerous occasions inquiring into the status of service on Defendant Able.  He has never inquired into the status of service on the other remaining eight (8) defendants.  If Plaintiff desires the clerk's office to effectuate service on the remaining eight (8) defendants, it remains incumbent upon the Plaintiff to provide the Clerk of Courts with a completed packet for each defendant he wishes to have served.

In an abundance of caution, and to confirm that all applicable statutes and rules have been followed, attached to this Order are the following forms:  a Notice of Lawsuit and Request for Waiver of Service of Summons (Form AO 389 - Form 1A), a Waiver of Service of Summons (Form AO 399 - Form 1B), Summons (Form AO 440), and Process Receipt and Return (Form USM-285).  Plaintiff is to make copies of the forms and return a completed packet to the Clerk of Courts  <u>for each defendant</u>  he desires to have served.  Plaintiff is advised that service will not be made until a completed packet has been returned to the Clerk of Courts. Once the completed packets are received, the Court will appoint the U.S. Marshal to effect service in accordance with Federal Rule of Civil Procedure 4(c)(3).

Plaintiff shall complete and submit the packet(s) to the Clerk of Courts on or before **November 16, 2009.**  If said completed packet(s) are not received by November 16, 2009,  the

Court will dismiss without prejudice any Defendant not served for lack of prosecution, with the exception of Allegheny County which has waived service.

So **ORDERED** this 29th day of October, 2009.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:    Muhamid Thornton
       2910 Stockton Street
       Akron, OH 44314
       (via United States Mail, postage prepaid and
       Certified Mail, Return Receipt Requested)

       Craig E. Maravich, Esquire
       Email: cmaravich@county.allegheny.pa.us